IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:24-cv-409-FL

| | |
|---|---|
| PHILIP ROESEL,<br><br>               Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, XAVIER BECARRA in his official capacity as Secretary of the United States Department of Health and Human Services, CENTERS FOR MEDICARE & MEDICAID SERVICES, and CHIQUITA BROOKS-LASURE in her official capacity as the Administrator of the Centers for Medicare & Medicaid Services,<br><br>               Defendants. | ORDER<br>and<br>NOTICE |

This matter comes before the court on defendants' motion to stay the deadline for filing responsive pleadings until the court decides the part of the motion that seeks it to transfer the case to the United States District Court for the District of Columbia (DE 13), and plaintiff's motion for entry of default (DE 17). The issues raised are ripe for ruling. For the following reasons, defendants' motion to stay is denied, together with plaintiff's motion.

**BACKGROUND**

Plaintiff, a former agent and broker for those seeking to apply for health insurance through exchanges created by the Affordable Care Act, 48 U.S.C. § 18032(e), filed complaint in this district May 10, 2024, asserting claims under the Administrative Procedure Act, 5 U.S.C. § 706 et seq.,

and Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. He seeks to reverse defendants' suspension of his authorizations to act as an agent and broker.

**COURT'S DISCUSSION**

1. Motion to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort[.]" Landis v. North American Co., 299 U.S. 248, 254 (1936). See also United States v. Janati, 374 F.3d 263, 273 (4th Cir. 2004) ("[D]istrict courts have wide-ranging control over management of their dockets"). In addition, the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Proc. 1.

Defendants urge the time-consuming process of reviewing the administrative record and drafting a responsive pleading should be undertaken after decision on the transfer motion, and, accordingly, they seek a 60-day delay. To the extent the motion filed July 16, 2024, a day after the July 15, 2024, deadline plaintiff argues, promotes need in and of itself for more time to compile the record, the record assembler has had benefit of the more than two months which have elapsed to put it together, this coming after plaintiff refused to consent to any extension. All things considered, the court in its discretion denies the motion to stay for 60 days until after decision on the motion to transfer; however, defendants are accorded 14 days from date of entry of this order within which to make their filing.

2

2  Motion for Entry of Default

Plaintiff moves for entry of default based on defendants' failure timely to file responsive pleadings. There is a good faith disagreement between the sides about exactly when defendants' time to respond expired.

Plaintiff, relying upon an assertion that defendants made their motion for a stay one day late, argues that defendants have failed to show "excusable neglect" as required by Federal Rule of Civil Procedure 6(b)(1)(B). Excusable neglect encompasses "the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay . . . , and whether the movant acted in good faith." Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 533 (4th Cir. 1996).

Delay of a single day under these circumstances did not adversely impact these proceedings. To the extent prejudice is so measured, no danger to plaintiff arising from the stay implicitly in effect until now by the fact of the filing of defendants' motion has been shown. Both sides took opportunity to lengthen briefing by filing reply. While protracted briefing on the motion, just referred yesterday by the clerk as ripe for decision, has had an impact, the court's speedy address is also tempering of that.[1]

All things considered, and where the court accords defendants a limited additional period of time to file responsive pleading, no entry of default shall be made. Plaintiff's request is denied.

---

[1] And eroding of that part of defendants' transfer argument premised upon the heavy workload of this district.

## CONCLUSION

In accordance with the foregoing, defendants' motion to stay the deadline to file responsive pleadings (DE 13) is DENIED. Any responsive pleading shall be filed not later than 14 days from date of entry of this order. Plaintiff's request for entry of default (DE 17) is DENIED. The court NOTICES hearing on remaining motion to transfer (DE 13) at New Bern to commence at 9:30 a.m. on October 17, 2024.

SO ORDERED, this the 27th day of September, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge