IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:24-CV-409-FL

| | |
|---|---|
| PHILIP ROESEL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>HEALTH AND HUMAN SERVICES; )<br>XAVIER BECARRA in his official capacity )<br>as Secretary of the United States Department )<br>of Health and Human Services; CENTERS )<br>FOR MEDICARE & MEDICAID )<br>SERVICES; and CHIQUITA BROOKS- )<br>LASURE in her official capacity as the )<br>Administrator of the Centers for Medicare & )<br>Medicaid Services, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on defendants' motion for protective order (DE 23) and defendants' ex parte motion to file the certified administrative record as a manual attachment (DE 24).[1] Plaintiff responded in opposition to both motions. (DE 28). In this posture, the issues raised are ripe for ruling. For the following reasons, defendants' motions are denied without prejudice.

---

[1] Defendants' motion regarding filing of the record is indexed on the docket as a "Proposed Sealed Ex Parte Motion." However, defendants do not argue that the motion itself should be sealed. Under Rule V.G(2) in the CM/ECF Policy Manual, an ex parte motion in a civil case is visible to the public, and under Local Civil Rule 7.4, "an ex parte motion shall only be sealed upon specific order of the court." Accordingly, the court refers to the motion as defendants' "ex parte motion."

## BACKGROUND

Plaintiff commenced this action May 10, 2024, asserting claims under the Administrative Procedure Act, 5 U.S.C. § 706, and Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Plaintiff seeks to reverse defendants' termination of his authorizations to act as a broker on health insurance exchanges created by the Affordable Care Act, 42 U.S.C. § 18032(e), and the regulation promulgated thereunder, 45 C.F.R. § 155.220.

Defendants filed motion to transfer July 16, 2024, wherein defendants sought the case to be delivered to the United States District Court for the District of Columbia, and to stay the deadline for filing responsive pleadings until 60 days after decision on the motion to transfer, asserting need for additional time to compile the relevant administrative record. (DE 13). Plaintiff moved for entry of default as to all defendants July 23, 2024, contending that, by filing motion to transfer and stay July 16, 2024, defendants failed to comply with the 60-day response period set out in Federal Rule of Civil Procedure 12(a)(2). (DE 17).

In its September 27, 2024, order, the court denied plaintiff's motion for entry of default and defendants' motion to stay, instead granting defendants 14 days from entry of the order to file responsive pleading. (DE 21). The court noted the additional two months which had elapsed since the original filing deadline provided defendants sufficient time to prepare the administrative record. (Id. at 2). Hearing on defendants' motion to transfer was set for October 17, 2024. Defendants answered October 11, 2024, and filed on the same date the instant motions.

During the October 17, 2024, hearing, the court heard arguments on defendants' motion to transfer as well as the instant motions. At that time, the parties expressed optimism about the possibility of reaching agreement and filing consent orders regarding a protective order and filing

of the administrative record.[2]  The court on its own initiative extended the response deadline for the instant motions to November 8, 2024, and directed the parties to file any proposed consent order by the same date.

Upon subsequent motion by the parties, the court again extended the deadline for response to the instant motions to November 22, 2024.  No agreement being reached, plaintiff filed his consolidated response in opposition to both motions November 22, 2024.  (DE 28).  The court denied the motion to transfer December 9, 2024, noting separate order regarding planning and scheduling would follow upon the court's resolution of the instant motions.  (DE 29).

## COURT'S DISCUSSION

The court takes up in turn each motion below, beginning with defendants' motion for protective order.

A.  Motion for Protective Order (DE 23)

In the instant motion, defendants seek entry of a protective order regarding the certified administrative record compiled in this action, noting that judicial review under the Administrative Procedure Act "is generally confined to the administrative record." (DE 23 at 1-2 (quoting Fort Sumter Tours, Inc. v. Babbit, 66 F.3d 1324, 1335 (4th Cir. 1995)).  Defendants assert the "[m]aterials in the [c]ertified [a]dministrative [r]ecord include law-enforcement sensitive information and volumes of personally identifiable information," which are "subject to restrictions or limitations on the disclosure of materials imposed by federal statute, regulation, or other authority." (Id. ¶ 3).  As a basis for their motion, defendants cite the Health Insurance Portability

---

[2]  According to their opposition brief, plaintiff's counsel became aware of the ex parte motion during the October 17, 2024, hearing. (DE 28 at 3).  Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

3

and Accountability Act of 1996, 42 U.S.C. § 1320d-2; associated provisions of 45 C.F.R. §§ 164.102-164.534; the Freedom of Information Act, 5 U.S.C. § 552; the Privacy Act of 1974, 5 U.S.C. § 552a; and Federal Rule of Civil Procedure 5.2. (Id.). Defendants contend that entry of the proposed protective order will "facilitate the expeditious production of the [c]ertified [a]dministrative [r]ecord, . . . facilitate the prompt resolution of disputes over confidentiality, and . . . adequately protect sensitive materials." (Id. ¶ 4).

Defendants' proposed protective order includes designations for "confidential" materials and "attorneys' eyes only" materials. (DE 23-1 ¶ 1). "Attorneys' eyes only" materials are defined as materials within the administrative record which defendants deem to be law enforcement sensitive (id. ¶3(b)), and disclosure thereof is limited to the court, retained counsel for the parties, experts or consultants, and the staff or employees of the forementioned (id. ¶ 2(a)). "Confidential" materials consist of the portions of administrative record which defendants will produce to the court and plaintiff on a flash drive (id. ¶ 3(a)), and disclosure thereof is limited to the individuals listed above as well as the parties and their employees (id. ¶ 2(b)). The proposed protective order limits access to individuals who require access for litigating the instant action and prohibits public disclosure or unauthorized reproduction of confidential or attorneys' eyes only materials. (Id. ¶¶ 8-11). It also provides a mechanism by which plaintiff may challenge any material's designation as confidential or attorneys' eyes only. (Id. ¶ 4).

Plaintiff argues the motion should be denied on the basis that it contains numerous procedural defects, and defendants have not demonstrated that the "attorneys' eyes only" designation is necessary. (DE 28 at 6-9). The court agrees.

According to the local rules of this court, with few exceptions, "all motions filed, other than in a hearing or trial, shall be filed with an accompanying supporting memorandum." Local

Civil Rule of Practice and Procedure 7.1(e). Such memorandum must contain "the argument . . . relating to the matter before the court for ruling." Id. Rule 7.2(a)(3).

Defendants failed to comply by not filing a memorandum in support of their motion for a protective order. The only assertion defendants make in support of their motion for a protective order is that the certified administrative record "include[s] law-enforcement sensitive information and volumes of personally identifiable information," and is "therefore subject to restrictions or limitations on the disclosure of materials imposed by federal statute, regulation, or other authority," with a group reference to the statutes and rules set forth above. (DE 23 ¶ 3). This recitation does not give the court sufficient information to find good cause to issue a protective order. See Fed. R. Civ. P. 5.2(e) (requiring good cause for entry of protective order).

Additionally, defendants do not indicate any verifiable criteria for designation as "confidential" or "attorneys' eyes only." "Confidential" materials are proposed as the portions of the administrative record which defendants will "produce[] to the [c]ourt and [p]laintiff on a flash drive," (DE 23-1 ¶ 3(a)), and "attorneys' eyes only" materials are proposed as the portions of the administrative record which "[d]efendants have deemed to be law enforcement sensitive," (id. ¶ 3(b)). Without any specific information about the materials defendants seek to protect and the criteria defendants will use to designate, this court does not find good cause for the proposed protective order.

Accordingly, defendants' motion for protective order is denied without prejudice. Opportunity to correct defects in presentation and seek some protection upon proper showing may be seized upon as this case proceeds.

B.  Ex Parte Motion to File the Certified Administrative Record as a Manual Attachment (DE 24)

Defendants seek the court's permission to file the certified administrative record under seal as a manual attachment by delivering a copy of the administrative record to the court on a flash drive. (DE 24 at 1-2).[3] In support of manual filing, defendants assert the administrative record "includes several files, such as audio files and large Excel spreadsheets . . . that cannot be converted from their native file format into Adobe PDF format suitable for filing on the CM/ECF system." (DE 24 ¶ 1). In support of sealing the contents of the administrative record defendants assert the files in in it "contain or pertain to personally identifiable information of individuals who were enrolled in health insurance," and defendants "cannot meaningfully redact all of the information that is subject to applicable protections." (Id. ¶ 3).

Plaintiff argues the motion should be denied on the basis that it does not comply with the local rules and does not satisfy the procedural and substantive requirements for sealing. (DE 28 at 3-6). Again, the court agrees.

"The common law presumes a right of the public to inspect and copy all judicial records and documents," which "can be rebutted if countervailing interests heavily outweigh the public interests in access." Va. Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004).[4] Additionally, the First Amendment guarantees access to particular judicial records and documents, and this guarantee can be denied "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Id. In order to "weigh

---

[3]  Defendants also request permission to file the certified administrative record temporarily ex parte, pending resolution of the motion for protective order. Where the motion for protective order is herein denied, the court does not address that portion of defendants' request.

[4]  Internal citations and quotations marks are omitted from citations unless otherwise specified.

6

the appropriate competing interests," before issuing an order to seal, the court must: 1) "give the public notice of the request to seal and a reasonable opportunity to challenge the request," 2) "consider less drastic alternatives to sealing," and 3) "state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing."  Id. at 576. Numerous provisions of the court's local rules and policies consistent with these requirements must be adhered to, and to which defendants have not demonstrated knowledge or understanding.

Given the facts of this case involve individuals seeking to apply for health insurance, the court recognizes that some portion of the administrative record likely will need to be redacted.  See Fed. R. Civ. P. 5.2(a).  However, defendants have not informed the court what records they seek to include in the administrative record, why redaction of those records is inadequate, or how their request to seal overcomes the presumption of access to judicial documents.  For these and other reasons, the court cannot comply with its mandate to "weigh the appropriate competing interests." Va. Dept. of State Police, 386 F.3d at 576.

Accordingly, defendants' motion to seal the administrative record is denied without prejudice.  Again, opportunity to correct defects in presentation exist as this case proceeds.

## CONCLUSION

Based on the foregoing, defendants' opposed motion for protective order (DE 23) and defendants' opposed ex parte motion to file the certified administrative record as a manual attachment (DE 24) are DENIED WITHOUT PREJUDICE.  Defendants are CAUTIONED that future motions filed out of compliance with local rules and court policies summarily may be denied.

The court's initial order regarding case planning and scheduling shall follow, providing deadline for the parties' conference activities and outlining subject matter of the parties' report

and plan, to be filed in preface to the court's future entry of a case management order. Should the parties' conference activities result also in agreement as to aspects of relief requested in motions today denied, proposed consent order(s) shall be submitted with the parties' report.

SO ORDERED, this the 17th day of December, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge